UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.  Case No. 22-cr-313

ROGER KENT BAUGH

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Comes now the defendant, by and through his attorney, Richard S. Stern, to respectfully move this Honorable Court to sentence Mr. Baugh to a period of home detention and incarceration with appropriate conditions.

As grounds therefore, we state as follows:

1. On October 21, 2022, the defendant pled guilty, pursuant to Rule 11(c)(1)(B), to Count One of the Information, which charged Civil Disorder, in violation of 18 USC § 231(a)(3). The defendant acknowledged that a conviction for the offense carries a maximum sentence of five years of imprisonment, 18 USC § 231(a)(3); a term of supervised release of not more than three years, 18 USC § 3583(b)(2); and a fine of $250,000 or twice the pecuniary gain or loss of the offense, 18 USC § 3571(b)(3). In addition, Mr. Baugh agreed to pay a $100 special assessment and restitution in the amount of $2000.00.

2. Mr. Baugh timely entered his plea of guilty and has accepted responsibility. ECF 15 ¶42,43. No more favorable plea had been offered by the government.

3. He has expressed remorse and has fully accepted responsibility in this matter. He has admitted all the facts in the case. It must be noted that he never went to the Capitol to create conflict and was only there because he needed to stay near the person with whom he came, Mr. Mazza.

1

4. While on pretrial release, he has done everything required of him and he has had no report of any violations.

5. He has been open and honest with the probation officer and fully cooperative in the process of completing the presentence report.

6. It was not Mr. Baugh's idea to come to Washington in the first place. It was suggested to him and willingly went.

7. He feels great remorse for being at the Capitol and he feels great remorse for the conduct to which he has admitted. As noted in the pre-sentence report Mr. Baugh stayed outside the tunnel for most of the time. He did go in on two occasions each a little over 2 minutes and then he left so his total time in the tunnel was approximately 4-5 minutes. He decided he should leave and he did. ECF 15 ¶22-26. He was in the tunnel for a brief period, went and came back in and left minutes thereafter, and did not return.

8. Mr. Baugh has worked very hard in his life to be a good person and a good father. He has raised three daughters basically by himself as he has had custody of the daughters for many years. He has had to go through a very difficult divorce and other proceedings with his wife and got little support from her in raising his daughters. He has worked whatever jobs he could find, mostly in the field of auto body work, with a specialty in repairing hail damage. His daughters have been successful as they are in college and one of them has actually finished college. The cost of the divorce proceedings and the taking out of domestic violence warrants have been very difficult in terms of stress and in terms of cost as much of his money has gone to paying legal fees.

9. Mr. Baugh came into this case because he was served with a subpoena and voluntarily came to Washington. He was offered counsel but felt he did not need it and did talk to you the prosecutor and the FBI case agent. He did not appreciate the gravity of the situation and he said things that should not have been said without counsel. When it was discovered that he in fact had more involvement than he had said to the government, he was able to obtain undersigned counsel and this plea was subsequently negotiated.

10. There was no significant obstruction of justice and Mr. Baugh's statements did not warrant any additional points. The presentence report stated: "Although defendant Baugh provided false statements to law enforcement officers, the Government reported his false statements did not "significantly" obstruct or impede the official investigation or prosecution of the instant offense. An obstruction of justice enhancement was not applied, pursuant to USSG §3C1.1." ECF 15 ¶40,41.

11. Prior involvement in the criminal system is basically minimal as it involves traffic violations and a bar fight for which no charges were brought. He recently had a minor traffic matter which was resolved so his criminal history is 0 as the matters were either dismissed or were minor traffic offenses.

12. At the time of the plea, he was very sincere about what he had done, and that continued through the pre-sentence report.

13. Under the agreed-upon guidelines in this case by all parties, straight incarceration for the entire sentence is not required or we submit even necessary. As the

pre-sentence writer properly noted, a substantial part of the sentence can be served by home detention or other such measures:

> "Based upon a total offense level of 11 and a criminal history category of I, the guideline imprisonment range is 8 months to 14 months. Since the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG ECF 15 ¶89. §5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in USSG §5C1.1(e). USSG §5C1.1(c)." ECF 15 ¶89.

14. We submit to the Court that only minimal jail time should be ordered in this case as he still needs to pay the mortgage on his home and he does help to take care of his parents, who are elderly and not well. His younger brother suffered a stroke at a young age. ECF 15 ¶63, 64, 71. He is successful in his work and he wants to be around to support his family and maintain employment. We submit to the Court that a sentence below the bottom of the guidelines would be appropriate, even a split sentence of home detention would be the best sentence in this case given all the facts and circumstances.

15. We submit that there is nothing in his background or his actions after the events of January 6, 2021, that should cause the Court any concerns about how he will conduct himself while on release should Court order that as the sentence in this case. He clearly is not a danger of flight nor a danger to the community.

16. Once the plea was agreed upon, this Court accepted his plea on October 21, 2022. Mr. Baugh accepted all terms of the plea before this Court without contesting or minimizing any fact presented.

4

17.     The final presentence report shows that the defendant did not exercise managerial authority over any other person and was considered to be an average participant, neither aggravating nor mitigating. ECF 15 ¶37. We submit is clear that Mr. Baugh would never have committed the acts were it not for Mr. Mazza, who was armed and was clearly dramatically more aggressive and violent.

18.     Mr. Baugh has fully complied all with the terms required of him in the plea agreement.

19.  We move that no financial penalty be given in this case (other than the agreed-upon restitution of $2,000.00 and the special assessment of $100.00) despite the recommendation of the presentence writer has determined the defendant does not have sufficient funds to pay.

20.    In sum, we submit that given all the above, a reasonable period of probation with appropriate conditions would be fair and reasonable and that no incarceration be ordered.

WHEREFORE, we pray that the Court order the requested sentence with any and all conditions it deems appropriate.

Respectfully submitted,

/s/ Richard S. Stern

_____
RICHARD S. STERN
D.C. Bar No. 205377
932 Hungerford Drive #37A
Rockville, MD 20850
301-340-8000
Email: rssjrg@rcn.com
Attorney for Mr. Baugh

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically served all counsel of record on January 20, 2023.

/s/ Richard S. Stern

_____
RICHARD S. STERN